RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE  8/12/13
       JDB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LEODAN VASQUEZ | DOCKET NO. 1:13-CV-1256; SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Pro se Petitioner, Leodan Vasquez, a federal prisoner currently confined at United States Penitentiary - Pollock filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. He challenges the legality of his sentence imposed in the Norther District of Iowa.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Facts and Background*

Following a trial by jury, Petitioner was convicted of conspiracy to distribute methamphetamine and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846 and 18 U.S.C. §2.2. On February 14, 2008, the government filed notice of its intent to seek an enhanced penalty for Vasquez based on his prior felony drug conviction in Missouri state court.

Vasquez's sentencing hearing took place on July 3, 2008. The presentence investigation report calculated a total offense level of 34 and a criminal history category of III. Based on Vasquez's

offense level and criminal history category, the advisory United States Sentencing Guidelines (Guidelines) range was 188 to 235 months imprisonment. U.S. v. Vasquez, 552 F.3d 734 (8th Cir. 2009). Because the government sought an enhanced penalty based on Vasquez's prior felony drug conviction, Vasquez's conviction carried a mandatory minimum of 20 years, or 240 months, imprisonment.  At the sentencing hearing, the government objected to (1) the PSR's failure to calculate a three-level enhancement for Vasquez's managerial or supervisory role in the offense, (2) the PSR's failure to calculate a two-level enhancement for obstruction of justice based on Vasquez's discarding of drugs and other evidence during the police chase, and (3) the PSR's failure to recommend an upward departure based on under-representation of Vasquez's criminal history.  After  hearing testimony and arguments, the district court found the government met its burden of proof with respect to the three-level enhancement based on Vasquez's managerial or supervisory role in the offense and with respect to the upward departure for under-representation of Vasquez's criminal history. However, the district court found the government failed to meet its burden with respect to the obstruction of justice enhancement.

Based upon these rulings, the district court determined Vasquez's total offense level increased from 34 to 37 and his criminal history category increased from III to IV, making

Vasquez's advisory Guidelines range 292 to 365 months imprisonment. The district court sentenced Vasquez to two concurrent terms of 320 months imprisonment and ten years of supervised release.

Vasquez appealed the sentence. U.S. v. Vasquez, 552 F.3d 734 (8th Cir. 2009). He the sentence, arguing that the district court erred in imposing a three-level role enhancement because the government failed to meet its burden of proof to show Vasquez exercised the requisite control, direction, or supervision over his coconspirators to warrant the enhancement. The appellate court reviewed the findings of the district court for clear error, and found that the district court's imposition of a three-level role enhancement was not clearly erroneous. Id. at 738.

Petitioner also argued on appeal that the district court abused its discretion in upwardly departing from the guidelines. The appellate court noted that Vasquez accumulated seven criminal history points; however, pursuant to U.S.S.G. § 4A1.1(c), only four points were assessed. In addition to these four points, Vasquez accumulated two additional points because he was on probation in Missouri state court at the time he committed the offenses relevant to his appeal. Vasquez's six criminal history points translated into a criminal history category of III. Vasquez made only a blanket objection to the factual statements appended to the criminal history entries in the PSR. He did not object to any specific factual allegations. Id. at 739. The appellate court

noted that Vasquez committed seven offenses in a span of less than four years, the most recent of which were committed while he was on probation in Missouri state court. The Eighth Circuit agreed with the district court that Vasquez's criminal history record indicated a strong likelihood he would commit future crimes. Thus, the appellate court found no abuse of discretion as to the upward departure. Id. Therefore, the sentence was affirmed.

### *Law and Analysis*

Habeas corpus petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the manner in which a sentence is executed. See Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000). A Motion to Vacate Sentence filed pursuant to 28 U.S.C. §2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. See Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990). Relief under Section 2255 is warranted for errors that occurred at or prior to sentencing. Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990). A motion to vacate, set aside or correct sentence must be filed in the district where the person seeking relief was sentenced. Solsona v. Warden, F.C.I., 821 F.2d 1129, 1132 (5th Cir. 1987).

Vasquez seeks to collaterally attack the legality of his sentence for alleged errors that occurred at or prior to sentencing. Specifically, he challenges the three-level role

enhancement, as he did on direct appeal, and complains that his counsel was ineffective for not objecting to the quantity of methamphetamine in the indictment. Petitioner is not challenging the manner in which his sentence is being executed, so his claim should be raised in a §2255 Motion to Vacate in the district where he was convicted.

Although federal prisoners may use §2241 to challenge the legality of their convictions or sentences, they may only do so if they satisfy the §2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides that a federal convict may file a writ of habeas corpus pursuant to §2241 if the remedy under §2255 is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first §2255 motion. See Reyes-Requena, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir.2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). **The fact that a prior §2255 motion was unsuccessful, or that the**

petitioner is unable to meet the statute's second or successive requirement, does not make §2255 inadequate or ineffective. See Jeffers, 253 F.3d at 830; Toliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).

Vasquez has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense. Nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or Motion to Vacate. He has failed to show that his 28 U.S.C. §2255 remedies are ineffective and inadequate under the Savings Clause.

*Conclusion*

Therefore, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED and DISMISSED WITHOUT PREJUDICE** because this Court lacks jurisdiction to consider these claims.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely

objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 12th day of August, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE